**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RUSSELL TRAIL,

     Defendant-Appellant.

No. 01-6221
(Western District of Oklahoma)
(D.C. No. 01-CV-202-C)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on Russell Trail's request for a certificate of appealability ("COA"). Trail seeks a COA so that he can appeal the district

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court's denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). This court **denies** Trail's request for a COA and **dismisses** the appeal.

In his § 2255 motion, Trail raised the following three claims: (1) the government breached the plea agreement at sentencing; (2) his sentence violates United States Sentencing Guidelines §§ 1B1.8 and 2D1.1; and (3) his counsel was ineffective. The district court concluded that Trail's motion should be denied because it was filed outside of the limitations period set out in 28 U.S.C. § 2244(d) and because Trail had not demonstrated adequate grounds for equitably tolling the limitations period.

To be entitled to a COA, Trail must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make the requisite showing, Trail must demonstrate both that jurists of reason would find it debatable whether the district court was correct in its procedural ruling and debatable whether the § 2255 motion states a valid constitutional claim. *See Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000). This court has reviewed Trail's request for a COA and appellate brief, the district court's order, and the entire record on appeal. Our review demonstrates the district court's determination that Trail's § 2255 motion is time-barred is not reasonably debatable. We have

-2-

nothing to add to the thorough analysis set out in the district court's order.

Accordingly, this court **DENIES** Trail's request for a COA and **DISMISSES** this appeal for substantially those reasons set out in the district court's order dated May 17, 2001.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge